UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES B. WOLFF and CHERYL A. WOLFF, | Case No. 13-CV-2175 (PJS/JSM) |
| Plaintiffs, | |
| v. | ORDER |
| THE BANK OF NEW YORK MELLON f/k/a The Bank of New York, as Trustee for CWMBS, Inc., CHL Mortgage Pass-Through Trust 2007-18, Mortgage Pass-Through Certificates, Series 2007-18; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; MERSCORP, INC.; and also all other persons, unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein, | |
| Defendants. | |

Susanne M. Glasser, BUTLER LIBERTY LAW, LLC, for plaintiffs.

Mark G. Schroeder, BRIGGS & MORGAN, P.A., for defendants.

Plaintiffs James and Cheryl Wolff bring this action seeking to void the foreclosure of their mortgage and the subsequent sheriff's sale of their home. This matter is before the Court on the January 24, 2014 Report and Recommendation ("R&R") of Magistrate Judge Janie S. Mayeron. Judge Mayeron recommends granting defendants' motion to dismiss plaintiffs' complaint.

Plaintiffs did not file an objection to the R&R. Instead, they filed a "Request for Judicial Notice Pursuant to Fed. R. Evid. 201." Plaintiffs request that the Court take judicial notice of various documents, including the warranty deed by which they acquired their property; various

excerpts from the Pooling and Servicing Agreement ("PSA") governing the securitization process under which the note secured by their mortgage was transferred to a securitized trust; and the April 29, 2010 assignment of their mortgage to the trustee.  Plaintiffs offer these documents to demonstrate that their mortgage was not transferred to the trust until after the closing date of the trust, which, plaintiffs allege, means that the transfer was void and the trustee (defendant Bank of New York Mellon) did not have the right to foreclose on the mortgage.

With the exception of the warranty deed — which simply demonstrates that plaintiffs acquired the property in 1999, a fact alleged in the complaint and not in dispute — all of these documents were attached to plaintiffs' complaint and carefully considered by Judge Mayeron.  As Judge Mayeron explained, defendant Mortgage Electronic Registration System, Inc. ("MERS") was the original mortgagee on plaintiffs' mortgage.  As to mortgages originally held by MERS, the PSA requires only that a copy of the mortgage be delivered to the trustee by a particular date; it does not require that those mortgages be assigned to the trustee by a particular date.  Setting that aside, the Eighth Circuit has held that parties in plaintiffs' position do not have standing to raise this type of argument:

> The plaintiffs base this request for declaratory relief on allegations that their notes and mortgages were transferred to trusts underlying mortgage-backed securities and that their foreclosures violated the terms of the trust agreements relating to these mortgage-backed securities.  But district courts in Minnesota have recently addressed this issue and have uniformly held that mortgagors do not have standing to request declaratory judgments regarding these types of trust agreements because the mortgagors are not parties to or beneficiaries of the agreements.  We believe that the reasoning in these cases is sound, and we adopt it.

*Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 547 (8th Cir. 2013).  Therefore, construing plaintiffs' request as an objection and reviewing it de novo, *see* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), the Court overrules it and adopts the R&R.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court ADOPTS the R&R [ECF No. 20].  Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss [ECF No. 4] is GRANTED.

2. Plaintiffs' complaint [ECF No. 1-1] is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 19, 2014                    s/Patrick J. Schiltz
                                            Patrick J. Schiltz
                                            United States District Judge